UNITED STATES of America and Robert Gray, Special Agent, Internal
Revenue Service, Petitioners,

v.

John A. WHITE, Jr., as President of the
International Union of Operating Engineers, Local 57, Respondent.

Civ. A. No. 4044.

United States District Court
D. Rhode Island.

April 2, 1969.

Edward P. Gallogly, U. S. Atty., Providence, R. I., Earl Kaplan, Dept. of Justice, Washington, D. C., for petitioners.

James R. McGowan, Providence, R. I., for respondent.

OPINION

DAY, Chief Judge.

This is a proceeding brought by the United States and Robert Gray, a Special Agent of the Internal Revenue Service, under the provisions of Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954 to compel compliance with a summons issued by the petitioner, Robert Gray, under the provisions of Section 7602 of said Internal Revenue Code to the respondent John A. White, Jr. as President of the International Union of Operating Engineers, Local 57.

In their petition the petitioners allege that Special Agent Robert Gray has been conducting an investigation of the tax liabilities of said Local 57 for the fiscal years ended June 30, 1958 through June 30, 1967; that on February 19, 1968, he issued a summons to the respondent as President of said Local 57 directing him to appear on February 29, 1968 before the petitioner Robert Gray to give testimony and produce for examination various records and papers of said International Union of Operating Engineers, Local 57, in which documents are noted or recorded the financial transactions of the organization known as Local 57 Softball Team or Local 57 Softball Team Booster Fund for the fiscal years ended June 30, 1958 through June 30, 1967; that said respondent ap-

peared on February 27, 1968 in response to said summons and produced some of the documents relating primarily to the period beginning with January, 1967, but failed to produce any documents relating to said Local 57 Softball Team for the period prior to January, 1967 and refused to answer any questions concerning his present possession of the other documents called for in said summons; and that it was and is essential to the determination of the tax liabilities of said Local 57 for the fiscal years ended June 30, 1958 through June 30, 1967 that the respondent be required to testify and produce the records demanded in said summons.

Said petition was filed in this Court on December 12, 1968, and upon the motion of the United States Attorney for this District, I entered an order directing the respondent to appear before this Court on January 17, 1969 to show cause why he should not be compelled to obey said summons issued on February 19, 1968. After a hearing on January 17, 1969, I reserved decision.

The evidence presented during this hearing established that a portion of the records and papers described in said summons were, on February 19, 1968, in the possession of the United States Attorney for this District as the result of process issued in other proceedings and were not returned to said Local 57 until May 15, 1968. Obviously they could not have been produced by the respondent on February 27, 1968.

During said hearing the respondent testified that although he was not by virtue of his office the custodian of the records and papers described in said summons, he endeavored to comply with it by producing all of the records and papers described therein which he and other officers of Local 57 could find in its office.

The evidence further established that on April 14, 1967, Special Agent Gray had issued a substantially identical summons to said Local 57 directing it to produce before him on April 24, 1967 for examination the same records and papers relating to the same financial transactions during the calendar years 1958 through 1966. The evidence established that the date for their production for examination was subsequently postponed on several occasions with the consent of Special Agent Gray, and that on April 27, 1967, two cartons of records and papers believed to be those described in said summons were taken to the office of counsel for Local 57 to be checked by him to determine if they were those covered by said summons. After his examination they were taken from his office and placed in the trunk of the automobile of John A. White, Sr., the Business Manager of Local 57, for later production as required by said summons. On May 1, 1967, while said records and papers were still in said trunk, according to the testimony of several witnesses, including the respondent, said automobile was stolen while left unattended at its owner's home in Providence, Rhode Island, and was found several days later in Fall River, Massachusetts, having been abandoned by the person or persons who had stolen it. These witnesses testified that most of said records and papers which had been placed in said trunk were missing and were never recovered. On May 15, 1967, counsel for Local 57, said John A. White, Sr. and one Edwin Sullivan, a member of Local 57, delivered to Special Agent Gray those records which were found with the abandoned automobile. Although their production did not constitute compliance with said summons issued on April 14, 1967, it is clear that no action was thereafter taken by Special Agent Gray to enforce compliance therewith. The conclusion seems inescapable that he then accepted the explanation by counsel for Local 57 for the non-production of most of the records and papers required by said summons. Although he apparently accepted said explanation for the non-production of said records and papers on May 15, 1967, he again ordered their production

for examination by him, together with similar records and papers for the fiscal year beginning July 1, 1966 and ending June 30, 1967 in said summons issued on February 19, 1968.

Counsel for the respondent during the hearing before me on the instant petition and said order to show cause assured me that all the documents and papers which were returned by the United States Attorney for this District to Local 57 on May 18, 1968 would be immediately delivered to Special Agent Gray for examination. I assume that said delivery has been made, not having been advised to the contrary.

 After a consideration of all of the evidence and the reasonable inferences to be drawn from it, I find and conclude that the petitioners have not established by a fair preponderance of the credible evidence that the respondent wilfully failed to comply with said summons insofar as it directed him to produce the records and papers described in said summons. In my opinion he complied therewith to the extent he was able to do so.

Petitioners also contend that respondent failed to comply with said summons by refusing to answer certain questions propounded to him by Special Agent Gray on February 27, 1968. The evidence discloses that he appeared on said date with counsel and declined to answer many of the questions propounded to him by Special Agent Gray on the ground that answers thereto might tend to incriminate him. In my opinion it is not clear beyond a reasonable doubt that answers to said questions would not tend to incriminate him. Under the circumstances, he was entitled to claim his privilege against self-incrimination with respect to said questions and decline to answer them. Curcio v. United States, 1957, 354 U.S. 118, 77 S.Ct. 1145, 1 L. Ed.2d 1225; United States v. Hoffman, 1951, 341 U.S. 479, 71 S.Ct. 814, 95 L. Ed. 1118.

Accordingly, I find and conclude that the petitioners have failed to establish by a fair preponderance of the evidence that they are entitled to the relief which they seek herein. Their petition must be and hereby is denied and dismissed.